HICKS & MILLER TEA CO., APPELLANT, v. JAMES E. MACK ET AL., APPELLEES.

Homestead: LIABILITY FOR DEBTS. Where a homestead of greater value than $2,000 is transferred from a husband to his wife without consideration, and still occupied as a homestead, the surplus in value over $2,000 will be liable in the hands of the wife for debts of the husband contracted before the transfer, in the same manner as though the title had remained in the husband.

APPEAL from the district court of Fillmore county. Heard below before MORRIS, J.

*Billings & Donisthorpe*, for appellant, cited: *Ashton v. Ingle*, 20 Kan., 670. *Mayfield v. Maasden*, 59 Iowa, 517. *Smith v. Miller*, 31 Ill., 157. *Haworth v. Travis*, 67 Ill., 301. *Dearing v. Thomas*, 25 Ga., 223. *Smith v. Sands*, 23 N. W. R., 357.

*G. D. Mathewson*, for appellees, cited: Thompson Homesteads, § 407. *Kelley v. Baker*, 10 Minn., 124. *Stout v. Rapp*, 17 Neb., 471.

MAXWELL, CH. J.

This is a creditor's bill, filed by the plaintiffs against the defendants, to subject certain real estate to the payment of their judgments. A demurrer to the petition was sustained in the court below, and the action dismissed. The plaintiffs appeal.

It is alleged in the petition in substance that James E. Mack, in the year 1881, and ever since, has been engaged among other things in retailing cigars at Geneva, in Fillmore county, in this state, and has at various times purchased from the plaintiffs large quantities of goods; that

he. has asked for and obtained credit upon the faith that he was the owner of the west 28 feet of lot 87 in the town of Geneva, with all the buildings and appurtenances thereunto belonging; that in the month of January or February, 1885, said Mack purchased a bill of goods of the plaintiffs amounting to $143.75, upon the faith that he was still the owner of said property; that in August, 1885, the plaintiffs recovered a judgment on said debt in the county court of Fillmore county, a transcript of which was duly filed in the office of the clerk of the district court of that county, and an execution issued thereon against the goods and chattels, lands and tenements of said Mack, which execution was thereafter and before the commencement of this action duly returned by the sheriff of said county, endorsed "no property found." That during the summer of 1884, and for a long time prior thereto, said Mack had purchased goods, wares, and merchandise of Chinn & New, of Omaha; that on or about the 1st day of September, 1884, there was due said firm from said Mack the sum of $85.00, which was afterwards secured to be paid by a promissory note, and on the 9th day of March, 1885, said plaintiffs recovered a judgment thereon for the sum of $90.75 and costs, a transcript of which judgment was, on the 10th day of March, 1885, duly filed in the office of the clerk of the district court of Fillmore county, and an execution duly issued thereon, which was returned "wholly unpaid and unsatisfied;" that such judgment is still unpaid, and on or about the 24th of August, 1885, was assigned to the plaintiffs; that on the 9th day of September, 1884, Mack and wife conveyed said real estate to George D. Mathewson, who thereupon on the same day reconveyed said real estate to the wife of said Mack, and she now holds the legal title to said property; that at the date of said conveyance said Mack was insolvent, and there was no consideration for said deed whatever; that in

September, 1884, said Mack gave a chattel mortgage on his personal property, etc., for the purpose of preventing the application of such property to the payment of his debts, etc., and that said Mack has no other property than that mentioned out of which said debts can be paid. It is also alleged that the real estate is of the value of $3,000. There are other allegations in the petition to which it is unnecessary to refer.

The question presented is, does the petition, under the liberal rules of construction required by the code, state a cause of action? We think it does as to all debts contracted before the transfer of the property or with a view to such transfer.

Sec. 17, chap. 32, Comp. Stat., provides that "every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents and profits thereof, made with the intent to hinder, delay, or defraud creditors or persons of their lawful rights, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, suit commenced, or decree or judgment suffered, with the like interest as against the person so hindered, delayed, or defrauded, shall be void."

As to all rights of the plaintiffs or their assignors existing when this transfer was made, the surplus over $2,000 will be subject to the plaintiffs' demands. The statute points out the procedure where the homestead is of greater value than $2,000, and it need not be referred to here. A court of equity has full power in cases of this kind to set aside the transfer from Mack to his wife, so far as it may be necessary to subject said property in excess of $2000 to the payment of the plaintiffs' claim existing when the transfer was made—in other words, to adapt the relief to the facts proved. This can only be done after a full hear-

ing of the testimony. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.